**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WILLIE R. GRIFFIN,<br><br>          Plaintiff,<br><br>vs.<br><br>KANSAS CITY, *et al*.,<br><br>          Defendants. | 2:14–cv–646–JCM–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

Before the court are Plaintiff Willie Griffin's Motion/Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1).

## *IN FORMA PAUPERIS* APPLICATION

Plaintiff Willie Griffin asserts in his application to proceed *in forma pauperis* that he is currently unemployed, has no take home wages, and no money in a checking or savings account. (#1). Plaintiff also asserts that he has no debts or expenses. (*Id*.) Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

## LEGAL STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Parenthetical citations refer to the court's docket.

1

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under 28 U.S.C. § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id*. at 678. However, to state "a plausible claim for relief," a complaint must contain both sufficient factual allegations (*i.e.*, names, dates, and facts) and legal conclusions (*i.e.*, specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678–79. In other words, a complaint that merely offers "labels and conclusions" will be dismissed. *Id*.

Griffin's complaint fails to satisfy Rule 8's standard for two reasons. First, the complaint does not provide any jurisdictional basis explaining why Griffin's complaint—which is an action for a lost computer—should be heard in federal court. (*See generally* Compl. (#1-1) at 1–5). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see*

*also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited jurisdiction means that federal courts: (1) possess only that power authorized by the Constitution or a specific federal statute, *see id*. (citation omitted), and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sites. *See* U.S. CONST. art. III, § 2, cl. 1. The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

Here, to demonstrate the jurisdiction exists, Griffin must show either that his complaint (1) raises a federal question under the laws of the United States, *see* 28 U.S.C. § 1331, or (2) is between citizens of different states and that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. However, Griffin's action seeks $70 trillion in damages for a stolen computer. (*See* Compl. (#1-1) at 2). This does not raise a federal question. (*Id*.) Additionally, it appears to a legal certainty that it does not meet section 1332's amount in controversy requirement. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) (discussing the legal certainty test).

Second, Griffin's complaint also appears to seek judicial review of a second action, which he brought in the United States District Court for the District of Kansas. (*See* Compl. (#1-1 at 2). Griffin alleges that the District of Kansas is supposed to handle the matter, but if they do not, he wants "to sue on this matter; and the Supreme Court." (*Id*.) This court cannot second guess (i.e., exercise appellate review over) another district court's decision. Legal doctrines known as collateral estoppel and res judicata prevent this. *See Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 664–63 (1998) ("A

final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land.").

ACCORDINGLY, and for good cause shown,

## **ORDER**

IT IS ORDERED that Plaintiff Griffin's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Griffin is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## **RECOMMENDATION**

IT IS RECOMMENDED that Griffin's complaint be DISMISSED WITH PREJUDICE.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 1st day of May, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE