# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WILLIE R. GRIFFIN,

        Plaintiff(s),

v.

KANSAS CITY, et al.,

        Defendant(s).

2:14-CV-00646-JCM-VCF

### ORDER

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 2). The magistrate judge recommends that *pro se* plaintiff Willie R. Griffin's complaint (doc. # 1-1) be dismissed with prejudice. Plaintiff has filed an objection (doc. # 4) and a motion to dismiss (doc. # 5).[1]

In his report and recommendation, Magistrate Judge Ferenbach granted plaintiff's application to proceed *in forma pauperis*. After screening the complaint pursuant to 28 U.S.C. § 1915(e), the magistrate judge found that plaintiff's complaint failed to satisfy Fed. R. Civ. P. 8's standard for two reasons. First, the magistrate judge reasoned that plaintiff's complaint did not set forth a jurisdictional basis as to why an action for a lost computer should be heard in federal court. Second, the magistrate judge reasoned that the court cannot exercise appellate review over another district

---

[1] Plaintiff has filed documents titled "motion for objection" (doc. # 4) and "motion to dismiss" (doc. # 5). However, the "motion for objection" appears to merely reassert the allegations set forth in plaintiff's complaint, while the "motion to dismiss" appears to be an objection to the magistrate's report and recommendation. The court will construe the documents accordingly.

**James C. Mahan**
**U.S. District Judge**

1  court's decision as plaintiff's complaint appeared to seek.[2] Accordingly, the magistrate judge
2  recommended that plaintiff's complaint be dismissed with prejudice.
3  After reviewing plaintiff's subsequent filings and liberally construing his arguments in light
4  of his status as a *pro se* litigant, it appears that plaintiff has put forward one objection to the
5  magistrate judge's report. (Doc. # 5).

6  **II.   Legal Standard**

7  A party may file specific written objections to the findings and recommendations of a United
8  States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R.
9  IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of
10 those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); D. Nev. R. IB
11 3–2(b). The district court may accept, reject, or modify, in whole or in part, the findings or
12 recommendations made by the magistrate judge. *Id.*

13 However, the district court need not conduct a hearing to satisfy the statutory requirement
14 that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674
15 (1980) (observing that there is "nothing in the legislative history of the statute to support the
16 contention that the judge is required to rehear the contested testimony in order to carry out the
17 statutory command to make the required 'determination'").

18 **III.  Discussion**

19 In his "motion for objection," plaintiff appears to reassert the allegations set forth in his
20 complaint. (Doc. # 4). Plaintiff's "motion to dismiss," in its entirety, states:

21 > My reason to belive that the court is unfair to me. I cannot use
> the liberary, because the court belive I do not have license.
22 > My license is in on file in the Supreme Court of Washington
> DC, and I Enter a claim Apr 31-2014 the computer siad
23

---

24 [2] The magistrate judge construed plaintiff's complaint, in part, as a request for the District Court of Nevada to
25 review a decision by the District Court of Kansas. (*See* doc. # 2 at 3). Plaintiff's complaint states, verbatim, in relevant
   part:
26
   the United States Topeka Court of Kansas Mo suppose handle the matter. If thay
27 did not I want to sue on this matter, and the Supreme Court.

28 (Doc. # 1-1 at 2).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1     dismiss 3 week layer.

2     Know denieal, or granted. Perjudge my case is unconstitution, and unfair. I would like it dismiss. Case is Kansas Missouri.

3     Case number 2:14-cv-00646-JCM-VCF

4     I was tole by security at the Federal Court door that I could not use the liberary

6 (Doc. # 5).

7     From what the court can ascertain, plaintiff appears to request that the court "dismiss" the report and recommendation. Plaintiff appears to argue that his complaint set forth a claim for relief and the magistrate judge has not denied or granted his request for relief as set forth in his complaint. Plaintiff is correct in part, as the magistrate judge did not deny or grant the monetary relief requested. However, plaintiff makes no substantial arguments in opposition to the findings contained in the report.

    As the magistrate judge correctly found, plaintiff's complaint has not shown that the court has subject matter jurisdiction over this action. Federal courts exercise limited jurisdiction. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). As plaintiff seeks to invoke the court's jurisdiction, he bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citation omitted); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Plaintiff must show either that his complaint (1) raises a federal question under the laws of the United States (28 U.S.C. § 1331) or (2) is between citizens of different states and that the amount in controversy exceeds $75,000 (28 U.S.C. § 1332).

    Plaintiff has not met his burden. Plaintiff's complaint seeks $5 trillion in damages for an allegedly stolen computer. (*See* doc. # 1-1 at 2). This does not raise a federal question. Furthermore, although plaintiff seeks $5 trillion in damages, this amount is not supported by the allegations set forth in his complaint so as to satisfy § 1332's amount in controversy requirement. Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Therefore, after conducting de novo review of the portions of the report to which plaintiff objected, the court finds good cause appears to adopt the magistrate judge's findings in part. As dismissal is based on lack of subject matter jurisdiction and not on the merits of plaintiff's complaint, the court finds that dismissal without prejudice is appropriate. Thus, the court will dismiss plaintiff's complaint without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (doc. # 2) be, and the same hereby are, ADOPTED in part.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 1-1) is DISMISSED without prejudice. The clerk is instructed to enter judgment accordingly and close the case.

IT IS FURTHER ORDERED that plaintiff's "motion for objection" (doc. # 4) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's "motion to dismiss" (doc. # 5) is DENIED without prejudice.

DATED August 4, 2014.

_____
UNITED STATES DISTRICT JUDGE